IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ALYSSA MATOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 22-cv-5497 |
| | ) | |
| WALMART INC., | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

NOW COMES Defendant WALMART INC. ("Walmart") by and through its attorneys, James P. Balog and Lucas Sun, and pursuant to 28 U.S.C. §§1332, 1441, and 1446, removes this action to the United States District Court for the Northern District of Illinois, Eastern Division, and in support thereof, state as follows:

### BACKGROUND

1. The movant's Notice of Removal is based upon subject matter jurisdiction conferred by diversity of citizenship, as established in 28 U.S.C. § 1332.

2. This matter arises out of an incident which occurred on August 15, 2017, at the Walmart located at in Evergreen Park, Illinois. Plaintiff alleges she tripped and fell on a cart corral and suffered personal injuries as a result.

3. Plaintiff filed a Complaint in the Circuit Court of Cook County, Law Division on or about July 2, 2019, styled <u>ALYSSA MATOS v. WALMART INC., a foreign corporation, and CRYSTAL LAWRENCE, individually</u> bearing Case No. 2019 L 007272. (Exhibit A, Plaintiff's Complaint at Law).

4. At all times relevant, Crystal Lawrence ("Lawrence") was a citizen of Illinois.

5. At all times relevant, Walmart Inc., was incorporated in the State of Delaware with its headquarters located in Bentonville, Arkansas and therefore was a citizen of Delaware and Arkansas for purposes of diversity.

6. Plaintiff is claiming the amount in controversy exceeds $75,000 based on settlement demands made in this matter.

7. As a result of Plaintiff's joinder of Lawrence from the onset of this litigation, Defendant did not have an opportunity to remove this matter as there was no diversity of the parties so long as Lawrence remained in the lawsuit.

8. On September 7, 2022, the Cook County Court granted Defendant's Motion for Summary Judgment on behalf of Crystal Lawrence (and denied summary judgment for Walmart). Crystal Lawrence was thereby dismissed with prejudice from the lawsuit.

9. With the first notice that diversity jurisdiction existed occurring on or about September 7, 2022, this Notice was filed within thirty (30) days of "receipt by the defendant[s], through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. §1446(b)(3).

10. Defendant is cognizant that the present removal is beyond the one-year limitations period set forth in 28 U.S.C. § 1446(b)(3) but petitions this Court to retain jurisdiction under the bad faith carveout of the statute.

11. Specifically, the bad faith exception to the one-year limitations period holds that while generally a case may not be removed on the basis of diversity jurisdiction under Section 1446(b)(3) more than 1 year after commencement of the action, it may nonetheless be removed if

"**the district court finds that the plaintiff has acted in bad faith** in order to prevent a defendant from removing the action." § 1446(c)(1) (emphasis added).

12. As set forth below, Lawrence was sued in bad faith in order to prevent removal and the one-year limitations period for removal should not apply.

<u>BAD FAITH / FRAUDULENT JOINDER OF CRYSTAL LAWRENCE</u>

13. The Seventh Circuit has not made any explicit rule as it relates to a finding of bad faith. See *Henning v. Barranco*, No. 21-CV-1657, 2021 WL 5578767, at *3 (N.D. Ill. Nov. 30, 2021) (The Seventh Circuit has not precisely defined the conduct that constitutes "bad faith" in order to excuse a defendant's failure to meet the one-year removal deadline for diversity actions).

14. However, the Northern District has addressed bad faith arguments in a removal context and recognized that in certain circumstances (such as here), bad faith is similar to fraudulent joinder, and in fact, bad faith is actually a "broader" standard than that of fraudulent joinder which has a "high bar". See *McVey v. Anaplan, Inc.*, No. 19-CV-07770, 2020 WL 5253853, at *3 (N.D. Ill. Sept. 3, 2020) ("Bad faith" can be much broader than fraudulent joinder, which, as discussed below, is a high bar to meet… [T]here could certainly be scenarios where bad faith and fraudulent joinder are congruent, and proof of fraudulent joinder simultaneously satisfies the requirements for bad faith).

15. Additionally, bad faith may exist when a plaintiff subjectively has no intention of litigating against that defendant and is instead solely trying to circumvent removal. See *Henning v. Barranco*, No. 21-CV-1657, 2021 WL 5578767, at *3 (N.D. Ill. Nov. 30, 2021).

16. Here, the nondiverse defendant, Lawrence, was fraudulently joined in bad faith to evade diversity jurisdiction.

17. As set forth in Lawrence's underlying Motion for Summary Judgment, she was involved in the accident only to the extent that she was the first Walmart employee who responded to the accident scene. She was neither an active tortfeasor nor contributor to Plaintiff's trip on the cart corral. (Exhibit B, Defendant's Motion for Summary Judgment filed in State Court; Defendant incorporates the background facts/arguments concerning Crystal Lawrence herein).

18. In this regard, the Northern District has recognized and upheld Illinois State law that "[A]n agent who breaches a duty owed *solely* to her principal is not independently liable to an injured third party." *Hoidas v. Wal-Mart Stores, Inc.*, No. 09 C 7409, 2010 WL 1790864, at *2 (N.D. Ill. Apr. 30, 2010) (citing *Bovan v. Am. Family Life Ins. Co.*, 897 N.E.2d 288, 295 (Ill. App. Ct. 2008)). "The law of agency does not impute a duty that the principal owes to a third party onto an agent." *Id.* Thus, an agent "would not be personally liable for any tort they may have performed while working within the scope of their employment." *Id.* "Whether the employer is held vicariously liable for the agent's conduct, however, does not affect the agent's independent tort liability." *Schur*, 577 F.3d at 765 (citing *Towns v. Yellow Cab Co.*, 382 N.E.2d 1217, 1221 (Ill. 1978)).

19. An illustrative example of this concept is shown in *Roh v. Starbucks Corp.*, 13 C 8865, 2015 WL 232374, at *1 (N.D. Ill. Jan. 14, 2015) (applying Illinois law, namely *Bovan*). In *Roh*, the plaintiff was struck by a stanchion, though not through any acts of Starbucks employees. The *Roh* court rejected the Plaintiff's arguments against an individually named employee, reasoning that **the Starbucks employee was not an active tortfeasor because she did not actively contribute or commit the act which caused the incident**. *Id.* at 3-4. Consequently, the Starbucks employee could not be joined as a defendant because the Plaintiff failed to allege that

4

the employee owed Plaintiff a duty that was independent of the duties the employee owed to Starbucks. *Id.* at 4.

20. Such facts are directly applicable to the case at hand. Lawrence did not "actively contribute or commit" any acts related to Plaintiff's accident. This is clearly evidenced by the State Court's dismissal of Lawrence by way of summary judgment.

21. The bad faith element of Lawrence's fraudulent joinder is further evidenced in that Plaintiff's Complaint against Lawrence contained the <u>exact same allegations</u> against both Walmart Inc. and Lawrence, individually.

22. Notably, at no time was the Complaint amended to try and establish any personal liability against Lawrence. In other words, there were never any facts to suggest that Lawrence was involved in the underlying accident in some manner beyond the scope of her employment as an agent for Walmart.

23. In addition, the subjective bad faith element is reflected in the course of discovery. For example, identical sets of boilerplate interrogatories were issued to Defendants. Defendant Walmart then responded in only one set of answers to interrogatories (without a separate set of answers for Lawrence) and no issue was ever raised by Plaintiff. (Exhibit C, Defendants' Answer to Interrogatories).

24. This is important as one of the interrogatories sought information concerning liability insurance coverage (interrogatory #16 of Exhibit C). Defendant Walmart answered this interrogatory, but did not answer this interrogatory for Lawrence.

25. Throughout the course of discovery, Plaintiff never sought follow up or additional information concerning Lawrence's personal liability insurance. This is *prima facie* evidence that Plaintiff never intended to seek damages against Lawrence individually.

CONCLUSION

26. In sum, Lawrence was sued in bad faith by way of fraudulent joinder. The granting of summary judgment by the State Court based on the above agency law is undeniable evidence of this.

27. Accordingly, Defendant's present removal is timely as (1) the one-year limitations period for removal is not applicable due to the above bad faith arguments, and (2) the removal was filed within 30 days of the dismissal order for Lawrence (when diversity jurisdiction existed).

28. As required by 28 U.S.C. § 1446(d), the movant will promptly serve upon Plaintiff's counsel and file with the Circuit Court of Cook County, a true and correct copy of this Notice.

29. By removing this action, Defendant does not waive any defenses available to it.

30. If any question arises as to the propriety of the removal of this action, the movant requests the opportunity to present additional briefing and/or oral argument in support of its position that this case is removable.

31. This Notice is signed and in compliance with Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant Walmart Inc., prays that this Honorable Court retain jurisdiction of the matter pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Dated: October 6, 2022

                                                        Respectfully submitted,
                                                        O'HAGAN MEYER LLC

                                                        By:   /s/Lucas Sun_____
                                                                 One of the Attorneys for Defendant,
                                                                 Walmart Inc.

James P. Balog
Lucas Sun
O'Hagan Meyer, LLC
One East Wacker Drive, Suite 3400
Chicago, IL 60601
Tel: 312-422-6100/Fax: 312-422-6110
jbalog@ohaganmeyer.com
lsun@ohaganmeyer.com