FILED
7/2/2019 12:09 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019L007272

5625392

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

| | | |
|---|---|---|
| ALYSSA MATOS, | ) | No. 2019L007272 |
| Plaintiff, | ) | |
| | ) | Amount: In excess of FIFTY THOUSAND |
| -vs- | ) | DOLLARS ($50,000.00) plus costs. |
| | ) | |
| WALMART INC., a foreign corporation, | ) | |
| and CRYSTAL LAWRENCE, | ) | |
| | ) | |
| Defendants. | ) | |

### COMPLAINT AT LAW

NOW COMES the Plaintiff, Alyssa Matos, by and through her attorney, David J. Gallagher of MOTHERWAY & NAPLETON, LLP., and complaining of the Defendants, Walmart Inc., a foreign corporation, and Crystal Lawrence states as follows:

### COUNT I – Alyssa Matos vs. Walmart Inc., a foreign corporation

1. That on or about August 15, 2017, and at all relevant times herein, the Defendant, Walmart Inc., was a foreign corporation organized and licensed to do business and existing under the laws of the State of Illinois.

2. That at the aforesaid time, and at all relevant times herein, the Defendant did own, operate, manage and control a certain premises, located at or near 2500 W. 95th Street, Evergreen Park, Illinois (hereinafter "premises").

3. That at the aforesaid time and place, and at all relevant times herein, the Defendant made said premises available to the general public and said premises was, in fact, used by the general public.

1

4. That at the aforesaid time and place, and at all relevant times herein, Defendant invited and allowed the Plaintiff, Alyssa Matos to enter upon said premises and Plaintiff was, in fact, lawfully upon said premises.

5. That at the aforesaid time and place, and at all relevant times herein, the Plaintiff was an intended and permitted user of said premises owned, operated, managed, and controlled by the Defendant.

6. That at all relevant times herein, the Plaintiff was in the exercise of all due care and caution for her own safety and the safety of others; that care being commensurate with her age, intellect and mental capacity and with the physical circumstances existent at such time and place.

7. That at the aforesaid time and place, the Plaintiff was then and there lawfully upon said premises when she did suffer injuries in or at said premises due to an unreasonably dangerous condition on the premises when she tripped over a steel floor plate that is attached to the cart coral that was lifted off the ground due to the cart coral being broken as she exited her vehicle in row 5 of the parking lot of the premises.

8. That the aforesaid unreasonably dangerous condition was present at said premises consequential to the negligence of the Defendant as hereinafter set forth.

9. That the aforesaid unreasonably dangerous condition was not open and obvious to Plaintiff who was then and there in the exercise of due care and caution.

10. That at the aforesaid time and place and at all relevant times herein, the Defendant had actual or constructive notice of the existence of the aforesaid unreasonably dangerous condition.

11. That at the aforesaid time and place, and at all relevant times herein, the Defendant, had either actual or constructive notice that its failure to either remedy or repair the aforesaid unreasonably dangerous condition, resulted in a high probability that others lawfully upon said

premises would suffer serious physical harm as a result of the aforesaid unreasonably dangerous condition.

12. That at the aforesaid time and place, and at all relevant times herein, the Defendant, owed a duty to the Plaintiff, Alyssa Matos and to the public generally, to refrain from negligent conduct which would endanger the safety of the Plaintiff, said duty included, but was not limited to, refraining from a negligent standard of care in the remedy, repair and maintenance of said premises in order to guard against foreseeable injuries to third parties proximately caused by the aforesaid unreasonably dangerous condition.

13. That at the aforesaid time and place, the Defendant, Walmart Inc., by and through its agents and or employees, negligently breached its duty to the Plaintiff, by acting with disregard for the safety of the Plaintiff, through one or more of the following acts and/or omissions:

(a) caused, permitted, and or allowed the aforesaid unreasonably dangerous condition at said premises to be and remain in an unreasonably dangerous condition for an unreasonable length of time;

(b) failed to remedy or repair the aforesaid unreasonably dangerous condition at said premises;

(c) failed to adequately maintain said premises;

(d) maintained said premises in a defective condition for an unreasonable length of time;

(e) failed to warn the Plaintiff, of the aforesaid unreasonably dangerous condition at said premises; and/or

(f) failed to timely and adequately inspect the premises for defects.

14. As a direct and proximate result of one or more of the aforesaid acts and/or omissions of the Defendant, Walmart Inc., by and through its agents and or employees, Plaintiff, Alyssa Matos, suffered injuries and damages of a personal pecuniary and permanent nature.

WHEREFORE, the Plaintiff, Alyssa Matos, demands judgment against the Defendant,

Walmart Inc., a foreign corporation, for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus the costs of this suit.

### COUNT II – Alyssa Matos vs. Crystal Lawrence

1. Crystal Lawrence is an individual who resides in Oak Lawn, Illinois.

2. That on or about August 15, 2017, and at all relevant times herein, the Defendant, Crystal Lawrence, was the manager on duty working at the Walmart Inc. store located at 2500 W. 95th Street, Evergreen Park, Illinois (hereinafter "premises").

3. That at the aforesaid time, and at all relevant times herein, the Defendant did operate, manage and control a certain premises, located at or near 2500 W. 95th Street, Evergreen Park, Illinois (hereinafter "premises").

4. That at the aforesaid time and place, and at all relevant times herein, the Defendant made said premises available to the general public and said premises was, in fact, used by the general public.

5. That at the aforesaid time and place, and at all relevant times herein, Defendant invited and allowed the Plaintiff, Alyssa Matos to enter upon said premises and Plaintiff was, in fact, lawfully upon said premises.

6. That at the aforesaid time and place, and at all relevant times herein, the Plaintiff was an intended and permitted user of said premises operated, managed, and controlled by the Defendant.

7. That at all relevant times herein, the Plaintiff was in the exercise of all due care and caution for her own safety and the safety of others; that care being commensurate with her age, intellect and mental capacity and with the physical circumstances existent at such time and place.

8. That at the aforesaid time and place, the Plaintiff was then and there lawfully upon said

4

premises when she did suffer injuries in or at said premises due to an unreasonably dangerous condition on the premises when she tripped over a steel floor plate that is attached to the cart coral that was lifted off the ground due to the cart coral being broken as she exited her vehicle in row 5 of the parking lot of the premises.

9. That the aforesaid unreasonably dangerous condition was present at said premises consequential to the negligence of the Defendant as hereinafter set forth.

10. That the aforesaid unreasonably dangerous condition was not open and obvious to Plaintiff who was then and there in the exercise of due care and caution.

11. That at the aforesaid time and place and at all relevant times herein, the Defendant had actual or constructive notice of the existence of the aforesaid unreasonably dangerous condition.

12. That at the aforesaid time and place, and at all relevant times herein, the Defendant, had either actual or constructive notice that her failure to either remedy or repair the aforesaid unreasonably dangerous condition, resulted in a high probability that others lawfully upon said premises would suffer serious physical harm as a result of the aforesaid unreasonably dangerous condition.

13. That at the aforesaid time and place, and at all relevant times herein, the Defendant, owed a duty to the Plaintiff, Alyssa Matos and to the public generally, to refrain from negligent conduct which would endanger the safety of the Plaintiff, said duty included, but was not limited to, refraining from a negligent standard of care in the remedy, repair and maintenance of said premises in order to guard against foreseeable injuries to third parties proximately caused by the aforesaid unreasonably dangerous condition.

14. That at the aforesaid time and place, the Defendant, Crystal Lawrence negligently breached her duty to the Plaintiff, by acting with disregard for the safety of the Plaintiff, through

one or more of the following acts and/or omissions:

(a)  caused, permitted, and or allowed the aforesaid unreasonably dangerous condition at said premises to be and remain in an unreasonably dangerous condition for an unreasonable length of time;

(b)  failed to remedy or repair the aforesaid unreasonably dangerous condition at said premises;

(c)  failed to adequately maintain said premises;

(d)  maintained said premises in a defective condition for an unreasonable length of time;

(e)  failed to warn the Plaintiff, of the aforesaid unreasonably dangerous condition at said premises; and/or

(f)  failed to timely and adequately inspect the premises for defects.

14.  As a direct and proximate result of one or more of the aforesaid acts and/or omissions of the Defendant, Crystal Lawrence Plaintiff, Alyssa Matos, suffered injuries and damages of a personal pecuniary and permanent nature.

WHEREFORE, the Plaintiff, Alyssa Matos, demands judgment against the Defendant, Crystal Lawrence for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus the costs of this suit.

Respectfully Submitted

By: _____
David J. Gallagher
Attorney for Plaintiffs

**MOTHERWAY & NAPLETON, LLP.**
Attorney for Plaintiffs
140 S. Dearborn, Suite 1500
Chicago, IL 60603
(312) 726-2699 - PHONE
(312) 726-6851 - FAX
Atty. No. 56421
dgallagher@mnlawoffice.com